## RICE OIL CO. v. UNITED STATES.
### No. 973.

District Court, D. Montana.
Sept. 8, 1933.

L. P. Donovan, of Shelby, Mont., for plaintiff.

W. D. Rankin, U. S. Atty., of Helena, Mont.

PRAY, District Judge.

The question here is on the demurrer to the complaint, that it does not state facts sufficient to constitute a cause of action.

This is an action for the recovery of income taxes alleged in the complaint to have been erroneously included in the income tax returns made by plaintiff to the Commissioner of Internal Revenue. Claims for refund of such taxes were made and denied by the Commissioner. The state of Montana executed a certain oil and gas lease to one George F. Stannard; thereafter the plaintiff became the owner thereof through assignment dated July 13, 1926.

The income in question was derived from proceeds of sale of oil taken from the lands described in the lease. Plaintiff claims that such income "was in fact exempt and immune from imposition of federal income tax, because the said oil and gas lease under which plaintiff operated said premises was an instrumentality of the State of Montana for the utilization of said lands dedicated to the support of public schools; and to tax the fruits of the lease would burden the State of Montana in the performance of the governmental function of maintaining such schools; and to tax the income of the operator of said oil and gas leasehold arising from its operation thereof, amounted to imposition upon the lease itself."

It appears from the complaint that plaintiff sold its interest in the lands on September 10, 1926, to the Marine Corporation for $3,000,000; $1,000,000 was paid in cash, and $2,000,000 was to be paid out of production of oil from the lands included in the lease. By the terms of the contract governing this transaction title was to pass to the purchaser as of August 11, 1926. Therefore, can it be said that the income in question was derived by plaintiff as a lessee of the lands, or was it in the nature of a profit upon the sale of a capital investment at a price above cost? In view of the facts here, the latter would seem to afford the correct answer under Marland v. United States (Ct. Cl.) 53 F. (2d) 907, and Willcuts v. Bunn, 282 U. S. 216, 51 S. Ct. 125, 75 L. Ed. 304, 71 A. L. R. 1260.

The demurrer of defendant will therefore have to be sustained, and it is so ordered.